**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | | |
|---|---|---|
| DUSTIN I. YEARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-19114 |
| | ) | |
| BART MASTERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 23, 2014, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 2.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**PROCEDURE AND FACTS**

Petitioner was arrested by Kentucky State authorities on April 1, 2011, for theft and fraud charges. (Document No. 5-1.) On June 3, 2011, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the Commonwealth of Kentucky. (Document No. 5-2, p. 2.) On April 17, 2012, Petitioner was sentenced in the United States District Court for the Eastern District of Kentucky to a total term of 130 months of imprisonment for "Attempted Robbery of Mail Matter, Money and Property of the United States" and "Brandishing a Firearm During and in Relation

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to a Crime of Violence." (Id., pp. 5 - 10.) On April 25, 2012, Petitioner was returned to State authorities via return writ. (Id., p. 2.) On October 8, 2012, the Commonwealth of Kentucky sentenced Petitioner to a total term of five years for Theft by Unlawful Taking, Theft/Receipt of Stolen Credit Card, Fraudulent Use of Credit Card, and Receive Goods by Fraud. (Id., pp. 12 - 14.) On January 9, 2013, Petitioner was erroneously designated to USP McCreary. (Document No. 11-1 and Document No. 11-2, p. 2.) On May 1, 2013, Petitioner was returned to State custody to complete the remainder of his State sentence. (Id.) On August 23, 2013, Petitioner was released from his State sentence into the custody of the United States Marshal Service to commence service of his Federal sentence. (Document No. 5-3, p. 2.)

On June 23, 2014, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 2.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Petitioner contends that the BOP is improperly denying him nunc pro tunc designation and "forcing him to serve his 130 month federal sentence in installments." (Id.) Petitioner explains that his "State sentence was imposed after his Federal sentence and ordered to run concurrent." (Id.) Petitioner, therefore, argues that "his Federal sentence began on April 17, 2012, when he was sentenced by the United States District Court." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of his "Security/Designation Data" dated February 13, 2013 (Document No. 2-1, p. 1.); (2) A copy of his "Judgment in a Criminal Case" as filed in the United States District Court for the Eastern District of Kentucky on April 24, 2012, in Case No. 7:11-cr-12 (Id., pp. 2 - 7.); (3) A copy of the Docket Sheet from the Eastern District of Kentucky concerning Case No. 7:11-cr-12 (Id., pp. 8 - 17.); (4) A copy of the Commonwealth of

Kentucky's "Judgment and Sentence of Plea of Guilty" as filed on January 10, 2013, in Case No. 11-CR-00065 (Id., pp. 18 - 20.); (5) A copy of the Commonwealth of Kentucky's "Judgment and Sentence of Plea of Guilty" as filed on January 10, 2013, in Case No. 12-CR-00079 (Document No. 202, pp. 1 - 2.); (6) A copy of the Commonwealth of Kentucky's "Judgment and Sentence of Plea of Guilty" as filed on January 10, 2013, in Case No. 12-CR-00080 (Id., pp. 3 - 5.); (7) A copy of Petitioner's "Sentence Monitoring Computation Data as of 04-29-2013" (Id., pp. 6 - 8.); (8) A copy of the "Detainer Based on Federal Judgment and Commitment" dated May 2, 2013 (Id., p. 9.); (9) A copy of the "Prisoner Remand or Order to Deliver and Receipt for United States Prisoners" dated May 2, 2013 (Id., p. 10.); (10) A copy of the "Acknowledgement/Release" from the Kentucky Department of Corrections dated May 3, 2013 (Id., 11.); (11) A copy of the "Notice of Discharge" with the effective date of August 23, 2013, from the Kentucky Department of Corrections (Id., pp. 12 - 13.); and (12) A copy of Petitioner's "Sentence Monitoring Computation Data As of 11-12-2013" (Id., pp. 14 - 16.).

    By Order entered on July 10, 2014, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.) On July 31, 2014, Respondent filed his Response to the Order to Show Cause. (Document No. 5.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on August 23, 2013" (Id., pp. 3 - 5.); (2) A nunc pro tunc designation is not appropriate (Id., pp. 5 - 6.); and (3) "Petitioner is not entitled to prior custody credit" (Id., pp. 6 - 7.).

    In support, Respondent attaches the following Exhibits: (1) The Declaration of Allan Ray, Management Analyst (Document No. 5-1.); (2) A copy of the U.S. Marshals Service Form 129 (Document No. 5-2, pp. 2 - 3.); (3) A copy of his "Judgment in a Criminal Case" as filed in the

3

United States District Court for the Eastern District of Kentucky on April 24, 2012, in Case No. 7:11-cr-12 (Id., pp. 5 - 10.); (4) A copy of the Commonwealth of Kentucky's "Judgment and Sentence of Plea of Guilty" as filed on January 10, 2013 in Case No. 11-cr-00065[2] (Id., pp. 12 - 14.); (5) A copy of the "Notice of Discharge" with the effective date of August 23, 2013, from the Kentucky Department of Corrections (Document No. 5-3, p. 2.); (6) A copy of Petitioner's "Sentence Monitoring Computation Data As of 07-15-2014" (Id., pp. 4 - 7.); (7) A copy of the "Factor Under 18 U.S.C. 3621(b) Worksheet" (Id., p. 9.); and (8) A copy of the a letter dated December 27, 2013, from the United States Department of Justice addressed to United States District Court Judge Amul R. Thapar regarding Petitioner's request for nunc pro tunc designation (Id., pp. 11 - 12.).

On August 14, 2014, Petitioner filed his Reply to Respondent's Response. (Document No. 7.) Petitioner continues to argue that the BOP is incorrectly calculating his sentence. (Id.) Petitioner argues that "between October 8, 2012 (the date the Petitioner was sentenced by the Commonwealth of Kentucky) and August 23, 2013 (the date he discharged his State sentence), Petitioner was designated by the Federal Bureau of Prisons and began service of his federal sentence handed down by the United States District Court for the Eastern District of Kentucky on April 17, 2012." (Id., p. 2.) Petitioner argues that his federal sentence commenced when he was received in custody by the United States Marshals Service. (Id., p. 2.) Petitioner argues that the "State of Kentucky voluntarily relinquished primary custody to the USMS without a Writ of Habeas Corpus Ad Prosequemdum" because "they fully intended for Petitioner's State sentence to run concurrently with his previously imposed Federal sentence." (Id., pp. 3 - 4.) Petitioner contends that "the State of Kentucky had a right

---

[2] The Court ordered as follows: "Imprisonment for a maximum term of 5 years in the available (institution) to run concurrent with Letcher Circuit Court No: 12-CR-0079, 12-CR-00080 AND Federal Case No: 7-11-CR-12-ART."

to order their sentence served concurrently to Petitioner's previously imposed federal sentence." (Id., p. 4.) Citing Luther v. Vanyur, 14 F.Supp.2d 773 (E.D.N.C. Dec. 3, 1997), Petitioner argues that he is entitled to Federal credit from the time he was accepted into custody by federal officials until he was returned to State custody on May 2, 2013.[3] (Id.) Petitioner argues he was not "on loan" to federal authorities during this period of time because there was no Writ of Habeas Corpus Ad Prosequednum. (Id.) Citing Luther, Petitioner further argues that he is entitled to prior custody credit for time spent in State custody from May 2, 2013, through August 23, 2013, because his Federal sentence had already commenced and was interrupted through no fault of his. (Id., p. 6.) Petitioner explains that he was in the exclusive custody of the BOP and USP McCreary improperly "relinquished its exclusive custody of Petitioner to the State of Kentucky on May 2, 2013, which interrupted service of Petitioner's Federal sentence that had already commenced." (Id., p. 5.)

By Order entered on October 29, 2014, the undersigned directed that Respondent file a Reply to Petitioner's "Traverse to Respondent's Response to Order to Show Cause." (Document No. 10.) On November 6, 2014, Respondent filed his Response. (Document No. 11.) In his Response, Respondent acknowledges that "the USMS erroneously requested Petitioner's designation to a facility" and Petitioner was designated to USP McCreary on January 9, 2013. (Id., p. 2.) Respondent explains that the "BOP subsequently recognized the error and on May 1, 2013, Petitioner was returned to state custody to complete the remainder of his state sentence." (Id.) Respondent, however, contends that "erroneous designations do not constitute waivers of any entity's primary jurisdiction." (Id.) Respondent further argues that "there is no evidence that the State intended to relinquish its primary jurisdiction over Petitioner when the USMS erroneously delivered him to federal

---

[3] The record reveals that Petitioner was returned to State custody on May 1, 2013. (Document No. 11-2, p. 2.)

authorities." (Id., p. 3.) Respondent explains that "when Petitioner was returned to the State following the discovery of the erroneous designation, the State continued to exercise its primary jurisdiction over Petitioner until the State issued a Notice of Discharge with the effective date of August 23, 2013." (Id.) Finally, Respondent alleges that the erroneous designation "caused no prejudice to Petitioner as the State continued to run its sentence, Petitioner continued to receive credit towards his State sentence for the time he was erroneously designated and in transit." (Id.) As Exhibits, Respondent attaches the following: (1) The Declaration of Sharon Wahl (Document No. 11-1.); (2) A copy of Petitioner "Inmate History ADM-REL" dated October 2, 2014 (Document No. 11-2, p. 2.); and (3) A copy of Petitioner's "Notice of Discharge" from the Kentucky Department of Corrections with an effective dated of August 23, 2013 (Id., p. 4.).

Petitioner filed his "Response to Respondent's Reply to Petitioner's Traverse" on November 18, 2014. (Document No. 14.) First, Petitioner argues that the "Commonwealth of Kentucky most certainly relinquished its jurisdiction when it voluntarily gave Petitioner over to the United States Marshals after sentencing him in that the transfer was not pursuant to a writ of habeas corpus ad prosequedum." (Id., p. 1.) Petitioner explains that his "Kentucky sentence was ordered concurrent, which is evidence that the State of Kentucky fully intended for its sentence to be served along with Petitioner's federal sentence." (Id.) Second, Petitioner asserts that he has been prejudiced by the erroneous designation because he is "being forced to serve nearly 29 more months of incarceration." (Id., p. 2.) Finally, Petitioner contends that the "rule against piecemeal incarceration precludes the government from artificially extending the expiration date of a prisoner's sentence." (Id.)

## ANALYSIS

**A.      Petitioner's Federal sentence did not commence until August 23, 2013.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the

defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on April 1, 2011. Accordingly, State authorities obtained primary jurisdiction on April 1, 2011. Petitioner was then temporarily transferred into Federal custody on June 3, 2011, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on April 17, 2012, to a 130-month term of imprisonment. (Document No. 5-2, pp. 2, 5 - 10.) On April 25, 2012, Petitioner was returned to State authorities via a return Writ. (Id., p. 2.) On October 8, 2012, Petitioner was sentenced on his State charges to "a maximum term of 5 years in the available (institution) to run concurrent with Letcher Circuit Court No: 12-CR-0079, 12-CR-00080 AND Federal Case No: 7-11-CR-12-ART." (Id., pp. 12 - 14.) On January 9, 2013, Petitioner was erroneously designated to USP McCreary. ((Document No. 11-1 and Document No. 11-2, p. 2.) The BOP subsequently recognized the error and returned Petitioner to State custody on May 1, 2013. (Id.) Petitioner's Federal sentence commenced on August 23, 2013, the day he completed his State sentence and was released to Federal custody. (Document No. 5-3, p. 2.)

Petitioner argues that the State voluntarily relinquished primary custody to the USMS because there was no Writ of Habeas Corpus Ad Prosequemdum[4] and the State "fully intended for Petitioner's

---

[4] In *Luther*, the court determined that petitioner's transfer "was much more complete and final than a transfer pursuant to a writ of *habeas corpus ad prosequendum*. Even if one could argue that this transfer began as a loan, a period of three years, four months and five days far exceeds the period in which a prisoner transfer should be considered a loan." *Luther*, 14 F.Supp.2d at 778.

State sentence to run concurrently with his previously imposed Federal sentence." It is well recognized, however, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Also see Gibson v. Murray, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which another state administers its criminal justice system"); Loveless v. Ziegler, 2012 WL 3614315 (S.D.W.Va. Aug. 21, 2012)(J. Faber)(finding petitioner's federal sentence did not begin to run until the BOP received him in custody and his assertion that the state court's concurrency order is controlling is incorrect); United States v. Miller, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with his State sentence.

Next, the undersigned finds that the State did not voluntarily relinquished primary jurisdiction by erroneously designating Petitioner to BOP custody. An erroneous designation does not constitute a waiver of primary jurisdiction for purposes of commencing a federal sentence. See Cannon v. Deboo, 2009 WL 692148, * 8 (N.D.W.Va. March 13, 2009); also see Allen v. Nash, 236 Fed. Appx. 779, 783 (3rd Cir. June 12, 2007)(finding that State did not waive primary custody by erroneously designating defendant's custody to a federal facility); Thomas v. Deboo, 2010 WL 1440465 (N.D.W.Va. March 8, 2010)(finding that the erroneous designation did not constitute a waiver of

---

Unlike *Luther*, Petitioner was erroneously designated to BOP custody for only a short period of time (approximately 4 months).

primary jurisdiction for purposes of commencing the federal sentence). The record in the instant case contains no evidence that the State intended or took any type of affirmative action to relinquish primary jurisdiction over Petitioner. Following the BOP's discovery of the erroneous designation, Petitioner was returned to State custody and the State continued to exercise its primary jurisdiction over Petitioner until the issuance of a Notice of Discharge on August 23, 2013. Accordingly, Petitioner's Federal sentence did not commence until August 23, 2013, the day he completed his State sentence and was released into Federal custody.

**B.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in State custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence --
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

>    **(B)** recommending a type of penal or correctional facility as appropriate; and
>
>    **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. The BOP contacted the Federal sentencing Court concerning its position as to nunc pro tunc designation. (Document No. 5-3, pp. 11 - 12.) The Federal sentencing judge, however, failed to respond. (Id., p. 9.) Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id.) The Worksheet reveals that nunc pro tunc designation was denied based upon "the nature and circumstances of the offense," "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)," and "any statement by the court that imposed the sentence (to include no response from the judge)." (Document No. 2, p. 10 and Document No. 5-3, p. 9.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

**C.    Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
>    **(1)** as a result of the offense for which the sentence was imposed; or

>**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. First, Petitioner is seeking Federal credit for time served in State custody following his arrest (April 1, 2011) through August 23, 2013 (the day he was released to Federal authorities). Petitioner received credit towards his State sentence for the time period of April 1, 2011 (date of his arrest), through August 23, 2013 (date he completed his State sentence). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for April 1, 2011, through August 23, 2013.

Citing White v. Pearlman, 42 F.2d 788 (10th Cir. 1930) and Luther v. Vanyur, 14 F.Supp.2d 773 (E.D.N.C. Dec. 3, 1997), Petitioner next argues that he is entitled to prior custody credit for time spent in State custody from May 2, 2013 (date he was returned to State custody) through August 23,

2013 (date he was returned to BOP custody) because his Federal sentence had already commenced and was interrupted through no fault of his own. Petitioner explains that he was in the exclusive custody of the BOP on January 9, 2013, and USP McCreary improperly "relinquished its exclusive custody of Petitioner to the State of Kentucky on May 2, 2013, which interrupted service of Petitioner's Federal sentence that had already commenced." In White, the Tenth Circuit concluded that the sentence of a prisoner that was mistakenly released from custody continued to run while the prisoner was "at liberty." White, 42 F.2d at 788-89("[W]here a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty."). In Luther, the Eastern District of North Carolina applied White broadly by determining that Mr. Luther's erroneous designation to federal custody was "more analogous to the inadvertent prisoner release cases." Luther, 14 F.Supp.2d at 779. Therefore, the Eastern District of North Carolina determined that Mr. Luther's federal sentence commenced when he was erroneously received into custody by the USMS and continued to run when he was returned to state custody to complete his state sentence. Id. at 776-79. In Heath v. O'Brien, the Western District of Virginia considered the holding of Luther and concluded that the Eastern District of North Carolina "overbroadly applied" the "time at liberty" doctrine. Heath v. O'Brien, 647 F.Supp.2d 618, 620-21 (W.D.Va. Aug. 24, 2009). The Western District of Virginia explained that it was persuaded by the reasoning of the Fifth Circuit in Free v. Miles, 333 F.3d 550 (5th Cir. 2003). Id. Citing Free, the Western District of Virginia explained as follows:

> [T]he "limited function" of the continuous service rule is clear: "[i]ts sole purpose is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through release and re-incarcerations." Because his total time of incarceration was not increased by even a single day, the court concluded that the fact that he served his state and federal sentences "in two shifts between sovereigns rather that one is of no moment." In the Fifth Circuit's words, the rule against piecemeal incarcerations only "precludes the

> government from artificially extending the expiration date of a prison sentence." It does not "justify or mandate that a prisoner receive a 'get out of jail early' card any time that such a minuet occurs, even when the prisoner is not at fault."

Id. at 621(internal citations omitted). Based on the foregoing, the undersigned declines to adopt the reasoning of Luther which is non-binding authority in this District. Similar to Heath, Petitioner was not prejudiced by his short and erroneous designation to BOP custody.[5] Id. A review of the record reveals that Petitioner received State credit for the time he was erroneously designated to BOP custody. See Cannon, 2009 WL 692148, * 5(finding petitioner was not entitled to prior custody credit because "the petitioner received prior custody credit on his state sentence for the time he spent in federal custody"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for May 2, 2013, through August 23, 2013.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen

---

[5] Petitioner was erroneously designated to BOP custody for approximately 4 months (January 9, 2013 through May 1, 2013). The undersigned notes that the petitioner in *Luther* was erroneously designated for more than 3 years.

days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 3, 2014.

R. Clarke VanDervort
United States Magistrate Judge